# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | |
|---|---|
| MARCUS YOUNG, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CV409-118 |
| | ) |
| MCARTHUR HOLMES, CONNIE | ) |
| MILES, SERGAENT BROOKS, | ) |
| CORPORAL SMOOTHLY, and | ) |
| DOCTOR JACOBSON, | ) |
| | ) |
| Defendants. | ) |

## **REPORT AND RECOMMENDATION**

Before the Court is Marcus Young's 42 U.S.C. § 1983 prisoner conditions complaint. (Doc. 1.) The Court granted Young leave to proceed in forma pauperis on the condition that he return a Prisoner Trust Account Statement form and a Consent to Collection of Fees from Trust Account form. (Doc. 3.) He has returned the two forms, so the case is ready to proceed. (Docs. 4 & 5.)

The Prison Litigation Reform Act ("PLRA") requires federal courts to conduct early screening of all prisoner suits against governmental entities or officials for the purpose of identifying claims that are subject to

immediate dismissal as frivolous, malicious, or legally insufficient. 28 U.S.C. § 1915A (courts must identify "cognizable claims" filed by prisoners or other detainees and dismiss claims which are frivolous, malicious, fail to state a claim for relief, or seek monetary relief from a defendant immune from such relief); *see also* 42 U.S.C. § 1997e(c)(2) (allowing dismissal on the same four standards provided by § 1915A as to any prisoner suit brought "with respect to prison conditions"). The Court will therefore examine the complaint to determine whether it states a colorable claim for relief.

On May 21, 2009, plaintiff Marcus Young slipped and fell on a wet floor at the Chatham County Detention Center, where he sustained unspecified head and back injuries. (Doc. 1 at 6-7.) He states that water regularly collects on the floor after rain, which led to the fall. (*Id.*) After he fell, Young was immediately taken to the jail's medical facility, where he was observed over night, given Tylenol and an ice pack, and was seen by Dr. Jacobson the next morning. Jacobson opined that Young may have pulled some muscles. (*Id.* at 6.) Young was denied transportation to a hospital or access to a wheelchair. (*Id.*)

After Young was released from medical, he was accused of staging the accident, which he fervently denies. (*Id.*) Perhaps operating under that

assumption, the jail's staff often refused him pain medication and ordered him to walk from place to place rather than transporting him by wheelchair. (*Id.*) But at his second visit with Dr. Jacobson, the doctor said that it would take six months for a full recovery, and he prescribed Flexeril, Naprosen, and a walking cane profile. (*Id.* at 7.) Thereafter, Young faced constant difficulties in obtaining a steady supply of his medication and was often denied access to a cane. (*Id.* at 7-8.) Young was finally x-rayed on June 25, 2009. (*Id.* at 8.)

As relief, Young asks the defendants to pay all of his present and future medical bills stemming from the accident. (*Id.* at 9.) In addition, he requests $150,000 "[b]ecause of the deteriorating flaws in Chatham County Detention Center's building structure, their negligence, maintenance department negligence that caused [him] to slip and fall injuring [his] head and back." (*Id.*) Finally, he requests $100,000 for his pain and suffering caused by the "medical department and Chatham County Detention Center's [failure to] follow [standard operating procedures] after [he] slipped and fell, [and] actions taken by Chatham County Detention Center's staff and medical staff to cover up this fact." (*Id.*)

Although Young has presented a thorough and detailed complaint, it

3

fails as a matter of law. Section 1983 cannot be used as a tool to bring a generalized negligence-based tort suit in federal court. Instead, it remedies errors of constitutional dimensions. In order to state an Eighth Amendment prisoner conditions suit relating to the slip and fall, for instance, Young would have to show: (1) that the alleged failure in maintenance was, "objectively, sufficiently serious" and resulted "in the denial of the minimal civilized measure of life's necessities," and (2) that prison officials charged with performing the maintenance were deliberately indifferent to "an excessive risk to inmate health or safety." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). That is, a constitutional violation of the type most analogous to Young's claim would require considerably more than negligence. *See Goebert v. Lee County*, 510 F.3d 1312, 1326 (11th Cir. 2007) (noting that the subjective component of the deliberate indifference test requires more than even gross negligence). Instead, Young must show that an "official kn[ew] of and disregard[ed] an excessive risk to inmate health or safety." *Farmer*, 511 U.S. at 837.

Here, Young has not alleged any facts indicating that any of the jail's staff knew that water could accumulate near his cell, knew that the build-up presented a significant risk of serious harm, and then callously chose to

disregard that risk. Consequently, his negligence-based slip and fall claim fails as a matter of law. *See Daniels v. Williams*, 474 U.S. 327 (1986) (prison official's negligence in failing to protect inmate from harm does not give rise to a cause of action under § 1983); *Walker v. Reed*, 104 F.3d 156, 157 (8th Cir. 1977) (dismissing as frivolous a prisoner's § 1983 complaint alleging only negligence in connection with a slip and fall in the bathroom); *Marsh v. Jones*, 53 F.3d 707, 712 (5th Cir. 1995) (same); *LeMaire v. Maass*, 12 F.3d 1444, 1457 (9th Cir. 1993) ("slippery prison floors . . . do not state even an arguable claim for cruel and unusual punishment"); *Mallard v. Roberts*, 2006 WL 1431570 at *4 (M.D. Ga. May 19, 2006); *see also Tate v. Blackwell*, 475 F.2d 193 (5th Cir. 1973) (per curiam).

Plaintiff's resulting medical care claims are deficient in three critical respects. First, claims brought pursuant to § 1983 cannot be based upon vicarious liability or respondeat superior. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948 (2009); *Polk County v. Dodson*, 454 U.S. 312, 325 (1981); *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978). Instead, a plaintiff must demonstrate either that the defendant directly participated in the alleged constitutional deprivation or that there is some other causal connection

between the official's acts or omissions and the alleged constitutional deprivation. *Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003); *Brown v. Crawford*, 906 F.2d 667, 671 (11th Cir. 1990); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1998) (per curiam). Here, Young names Ms. Miles, the head of the medical staff, and McArthur Holmes, the jail's administrator, as defendants. Nowhere in the complaint, however, does he offer any facts showing that they were directly involved in or caused any of the deprivations or injuries Young complains of. His only contact with Holmes was in a letter complaining of the incident, and he sat down with Miles to discuss it. (Doc. 1 at 7.) Their knowledge of the incidents, standing alone, is an insufficient basis for § 1983 liability. *See Iqbal*, 129 S. Ct. at 1949. Nor does his statement that such "incidents like the ones stated have become a classic routine practice at" the jail cure the supervisory problem. (Doc. 1 at 8.) As discussed below, such conclusory statements, unsupported by factual allegations, are simply insufficient to show deliberate indifference on the part of the supervisory staff. *See Iqbal*, at 1949-50. Thus, Miles and Holmes should be dismissed from this suit.

Next, the claim is factually deficient. An Eighth Amendment medical care deprivation claim requires a plaintiff to establish that he suffered from

an objectively serious medical need. *Farrow v. West*, 320 F.3d 1235, 1243 (11th Cir. 2003); *Taylor v. Adams*, 221 F.3d 1254, 1257 (11th Cir. 2000); *Adams v. Poag*, 61 F.3d 1537, 1543 (11th Cir. 1995). A prisoner's medical need is considered "serious" if he establishes that it is "'one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'"[1] *Farrow*, 320 F.3d at 1243 (citations omitted). The objectively serious need "must be 'one that, if left unattended, pos[es] a substantial risk of serious harm.'" *Id.* (citation omitted).

Here, Young has simply stated that he suffered head and back injuries, but based upon the pleading, the extent of those injuries is unclear. While pro se pleadings are held to a less stringent standard than pleadings drafted

---

[1] Recently, the Eleventh Circuit remarked that this objective standard is one of "*at least* two different tests for whether a medical need is serious." *Danley v. Allen*, 540 F.3d 1298, 1310 (11th Cir. 2008) (emphasis added). Another measure of seriousness "is whether the delay in treating the need worsens it." *Id.* While most circuits agree that a prisoner satisfies the objective component of a § 1983 medical claim by establishing that he has been diagnosed with or obviously exhibits a serious medical condition, other tests for objective seriousness have been proposed. *See, e.g., Hayes v. Snyder*, 546 F.3d 516, 522-23 (7th Cir. 2008) (citing *Guitierrez v. Peters*, 111 F.3d 1364, 1373 (7th Cir. 1997)); *Young v. Kazmerski*, 266 F. App'x 191, 193 (3d Cir. 2008); *McCarthy v. Place*, 2008 WL 5069039 at *4 (6th Cir. Dec. 2, 2008) (unpublished); *Chance v. Armstrong*, 143 F.3d 698, 703 (2d Cir. 1998).

by an attorney, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), a "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1964-65 (2007) (quotations omitted); *Iqbal*, 129 S.Ct. at 1949-50. That is, "the plaintiff's factual allegations, when assumed to be true, 'must be enough to raise a right to relief above the speculative level.'" *United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1270 (11th Cir. 2009) (quoting *Twombly*, 127 S.Ct. at 1964-65). Thus, while a detailed recitation of the facts is not necessary under the notice pleading standard, *Erickson v. Pardus*, 551 U.S. 89, 127 S. Ct. 2197, 2200 (2007), a plaintiff must allege a non-conclusory claim showing that he is entitled to relief. *Rogers v. Nacchio*, 241 F. App'x 602, 607 (11th Cir. 2007); *Lambert v. United States*, 98 F. App'x 835, 839 (11th Cir. 2006) (inmate's conclusory allegations were insufficient to establish a medical malpractice claim). In other words, the Court cannot simply "fill in the blanks" to infer a claim. *See Bivens v. Roberts*, 2009 WL 411527 at * 3 (S.D.Ga. Feb. 18, 2009) (unpublished) ("judges must not raise issues and arguments on plaintiffs' behalf, but may only construe pleadings liberally given the linguistic imprecision that

untrained legal minds sometimes employ") (citing *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008)). Thus, absent factual allegations showing that Young suffered from a *serious* medical need and was denied appropriate treatment, the Court would be forced to impermissibly speculate as to the extent of his injuries and the need for care. That simply will not do.

Finally, Young's disagreement with Doctor Jacobson's course of treatment is not enough to state a cognizable claim. Although he preferred x-rays and a referral to a chiropractor (doc. 1 at 7), a detainee's mere disagreement with a jail's medical personnel about the proper course of treatment does not entitle him to § 1983 relief. *Waldrop v. Evans*, 871 F.2d 1030, 1033 (11th Cir. 1989).

For all of the reasons explained above, Young's case should be **DISMISSED**.

**SO REPORTED AND RECOMMENDED** this 17th day of August, 2009.

/s/ G.R. SMITH
**UNITED STATES MAGISTRATE JUDGE**
**SOUTHERN DISTRICT OF GEORGIA**